IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEAN PATRICK DECKER, III
and LORETTA DECKER,

      Plaintiffs,

v.                                Civil Action No. 5:15CV114
                                          (STAMP)

STATOIL USA ONSHORE
PROPERTIES, INC.,
a Delaware corporation and
PETROEDGE ENERGY, LLC,
a Delaware limited
liability company,

      Defendants.


## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT PETROEDGE ENERGY, LLC'S
## MOTION TO DISMISS

      Defendant, PetroEdge Energy, LLC ("PetroEdge"), filed this
motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)
for failure to state a claim upon which relief can be granted. The
plaintiffs did not file a timely response to this motion. For the
following reasons, this Court grants PetroEdge's motion to dismiss.

## I. Background

      This case arises out of several agreements between Decker
Energy LLC ("Decker Energy"), PetroEdge, and Statoil USA Onshore
Properties, Inc. ("Statoil"). First, PetroEdge had four oil and
gas leases containing about 171 acres of land in Tyler County, West
Virginia. PetroEdge collectively called these leases the "Ball
Unit." Decker Energy had a working interest of about 0.098 and a
royalty interest of about 0.011 in the Ball Unit. PetroEdge

drilled a well on the Ball Unit and called it the "Ball Unit 1H." PetroEdge gave to Decker Energy a working interest in Ball Unit 1H. In 2012, PetroEdge Energy assigned its interest in the Ball Unit to Statoil. At the same time, Decker Energy assigned its working interest in the Ball Unit to Statoil, but retained its working interest in Ball Unit 1H. Statoil stopped paying royalties to the plaintiffs ("the Deckers") in May 2014.

Second, Decker Energy and PetroEdge entered into a participation agreement in March 2011. The agreement provided the Deckers with a one percent royalty interest in all "target" leases taken within a certain area. PetroEdge and Statoil acquired "target" leases in the relevant area, but have not assigned any royalty interests to the Deckers.

The Deckers filed this action in West Virginia state court seeking declaratory relief, an accounting, the appointment of a special commissioner, and unpaid royalties. The defendants removed the case to this Court citing diversity jurisdiction. PetroEdge filed this motion under Rule 12(b)(6) to dismiss all claims against it. The Deckers failed to file a timely response to the motion. However, the plaintiffs' failure to file a response does not relieve PetroEdge from the burden imposed upon it as the moving party. See Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993) ("Although the failure . . . to respond to a summary judgment motion may leave uncontroverted those facts established by

the motion, the moving party must still show the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" (quoting Fed. R. Civ. P. 56(c))). Thus, this Court must decide PetroEdge's motion to dismiss on the merits.

## II. <u>Discussion</u>

PetroEdge was a limited liability company ("LLC") organized under Delaware law. PetroEdge argues that the Deckers failed to state a claim against it because PetroEdge ceased to exist as an LLC before the Deckers filed this action. Thus, PetroEdge could not be named as a party.

Under the Delaware Limited Liability Company Act, an LLC's certificate of formation is "canceled upon the dissolution and the completion of winding up of a[n] [LLC}." Del. Code Ann. tit. 6 § 18-203. To complete the cancellation of its certificate of formation, an LLC must file a certificate of cancellation with the office of the Secretary of State. <u>Id.</u> "Upon dissolution . . . and <u>until</u> the filing of a certificate of cancellation . . . ., the persons winding up the [LLC]'s affairs may, in the name of, and for and on behalf of, the [LLC], prosecute and defend suits." <u>Id.</u> § 18-803(b) (emphasis added). However, once the LLC has dissolved and filed its certificate of cancellation, it no longer exists and cannot be sued. <u>See</u> <u>Metro Commc'n Corp. BVI v. Advanced Mobilecomm</u> <u>Techs. Inc.</u>, 854 A.2d 121, 138 (Del. Ch. 2004) ("[Section] 18-803(b) of the LLC Act provides that suit generally may be

brought by or against a[n] [LLC] only until the certificate of cancellation is filed."); In re Citadel Indus., Inc., 423 A.2d 500, 503 (Del. Ch. 1980) ("At common law, the dissolution of a corporation abruptly ended its existence, thus abating all pending actions by and against it and terminating its capacity thereafter to sue or be sued. Thus, statutory authority is necessary to prolong the life of a corporation past its date of dissolution.").

Here, PetroEdge dissolved and wound up its business in 2014. It filed a certificate of cancellation with the Delaware Secretary of State on March 28, 2014. It therefore ceased to exist as a legal entity on that date and could no longer sue or be sued. The Deckers filed this action on July 16, 2015, well after PetroEdge ceased to exist. Therefore, the Deckers are unable to sue PetroEdge and their complaint must be dismissed as to PetroEdge.

### III. Conclusion

For the reasons set forth above, defendant PetroEdge Energy, LLC's motion to dismiss is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    October 20, 2015


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE