IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEAN PATRICK DECKER, III
and LORETTA DECKER,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　Civil Action No. 5:15CV114
　　　　　　　　　　　　　　　　　　　　　　　　　(STAMP)
STATOIL USA ONSHORE
PROPERTIES, INC.,
a Delaware corporation
and PETROEDGE ENERGY, LLC,
a Delaware limited
liability company,

    Defendants,

and

EQT PRODUCTION COMPANY,

    Intervenor-Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING AS PREMATURE AND WITHOUT PREJUDICE
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

    On April 29, 2016, the defendant filed a motion for partial summary judgment. This Court then granted the plaintiffs' unopposed motion for leave to amend the complaint. Discovery has now been completed and dispositive motions are due by November 4, 2016. For the following reasons, the defendant's motion for partial summary judgment is denied as premature and without prejudice.

I.  Background

    The plaintiffs' ("the Deckers") claims arise out of a 2011 agreement between Decker Energy LLC ("Decker Energy") and PetroEdge

Energy, LLC's ("PetroEdge"), called the "Participation Agreement." In the second amended complaint, the Deckers allege that they hold, or are entitled to hold, overriding royalty interests in certain oil and gas leases identified in the Participation Agreement as the "Initial Leases," the "Target Leases" acquired by PetroEdge, a pooled unit known as the "Ball Unit," and a well known as "Ball Unit 1H." The Deckers allege that, after PetroEdge assigned and delegated its rights and obligations under the Participation Agreement to Statoil USA Onshore Properties, Inc. ("Statoil"), Statoil ceased paying royalties to the Deckers. The Deckers also allege a claim for unjust enrichment, seeking compensation for work, expenses, and investments into these leases.

The Deckers seek a declaration that they hold or are entitled to hold overriding royalty interests in the Initial Leases, the acquired Target Leases, the Ball Unit, and Ball Unit 1H. They also seek an accounting of the development and production on each lease and the appointment of a special commissioner to execute and deliver assignments of interests in the leases to the Deckers. Further, the Deckers request a judgment for all unpaid royalties on the leases and for their unjust enrichment claim.

Statoil filed a motion for partial summary judgment, asking this Court to find that the Deckers do not hold and are not entitled to hold overriding royalty interests in any leases not expressly identified as Target Leases in the Participation

Agreement. Statoil argues that the plain language of the Participation Agreement provides that the Deckers had a right to overriding royalty interests in only Target Leases that were acquired by PetroEdge. Thus, Statoil argues, the Deckers cannot claim any interest in leases not identified as Target Leases in the Participation Agreement.

In response, the Deckers argue that their second amended complaint moots Statoil's motion because it alleges further interests in non-Target Leases. The Deckers argue that Statoil's motion is premature because the Deckers have not received sufficient discovery to adequately respond to Statoil's motion. Deckers' counsel submitted an affidavit under Federal Rule of Civil Procedure 56(d) detailing the discovery that had been received at the time and the parties' discovery disputes. The Deckers argue that this Court should deny Statoil's motion as premature or defer ruling until discovery is complete. Alternatively, the Deckers argue that there is a genuine issue of material fact regarding the Deckers' interest in the Initial Leases, the Ball Unit, and Ball Unit 1H, because the Ball Unit includes at least one Initial Lease.

In reply, Statoil argues that its motion is not premature because it asks this Court to interpret the plain language of the Participation Agreement. Statoil argues that extraneous evidence is not relevant to interpreting the Participation Agreement's terms. Thus, Statoil argues that additional discovery is not

needed for the Deckers to defend against its motion. Statoil also argues that the second amended complaint does not moot its motion because the terms of the Participation Agreement speak for themselves.

III. Applicable Law

Under Federal Rule of Civil Procedure 56, a court must grant a party's motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Generally, "summary judgment is appropriate only after 'adequate time for discovery.'" Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). Where a motion for summary judgment is filed before there has been adequate time for discovery, a court may "defer considering the motion or deny it[,] . . . allow time to obtain affidavits or declarations or to take discovery[,] or . . . issue any other appropriate order." Fed. R. Civ. P. 56(d). The nonmovant must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Id. Courts must "place great weight on the [Rule 56(d)] affidavit." Evans, 80 F.3d at 961.

IV. Discussion

First, this Court finds that Statoil's motion for partial summary judgment is premature and that the Deckers have complied

with Rule 56(d)'s affidavit requirement. At the time Statoil filed its motion, very little discovery had been conducted. No depositions had been conducted and little written discovery had been completed. The Deckers' Rule 56(d) affidavit states that the parties encountered discovery disputes early on, which were ultimately resolved by the parties. The record confirms that these disputes persisted after the parties fully briefed this motion. See ECF No. 73 (approving stipulation extending the time for the Deckers to file any motions to compel regarding Statoil's responses to written discovery requests). Further, the Deckers represent that their discovery requests encompassed information regarding the negotiation, formation, and execution of the Participation Agreement and other relevant documents. These documents may ultimately be relevant to the interpretation of the Participation Agreement.

Second, this Court believes it is more prudent to deny without prejudice Statoil's motion rather than deferring a ruling. Discovery is now complete and this case has matured to a point that motions for summary judgment are proper. Dispositive motions are due by November 4, 2016. This Court believes that the parties should be permitted to present in timely dispositive motions all relevant arguments and evidence bearing on their dispute.

## V. Conclusion

For the foregoing reasons, the defendant's motion for partial summary judgment (ECF No. 51) is DENIED AS PREMATURE AND WITHOUT PREJUDICE.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: October 17, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
