IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEAN PATRICK DECKER, III
and LORETTA DECKER,

    Plaintiffs,

v.                                                 Civil Action No. 5:15CV114
                                                                           (STAMP)

STATOIL USA ONSHORE
PROPERTIES, INC.,
a Delaware corporation
and PETROEDGE ENERGY, LLC,
a Delaware limited
liability company,

    Defendants,

and

EQT PRODUCTION COMPANY,

    Intervenor-Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE
JUDGE'S DISCOVERY ORDER,
GRANTING EQT PRODUCTION COMPANY'S
MOTION FOR PROTECTIVE ORDER AND
OVERRULING PLAINTIFFS' OBJECTIONS**

I. <u>Procedural History</u>

The intervenor-defendant filed objections to a subpoena duces tecum served by the plaintiffs and a motion for a protective order prohibiting responses to a certain request. ECF No. 125. This matter was referred to the Honorable Michael John Aloi, United States Magistrate Judge. Magistrate Judge Aloi entered an order sustaining the intervenor-defendant's objections and granting its motion for a protective order. The plaintiffs then filed

objections to the magistrate judge's order. For the following reasons, the magistrate judge's order is affirmed and adopted and the plaintiffs' objections are overruled.

## I. Background

The plaintiffs' ("the Deckers") claims arise out of a 2011 agreement between Decker Energy LLC ("Decker Energy") and PetroEdge Energy, LLC's ("PetroEdge"), called the "Participation Agreement." In the second amended complaint, the Deckers allege that they hold, or are entitled to hold, overriding-royalty-interests in certain oil and gas leases identified in the Participation Agreement as the "Initial Leases," the "Target Leases" acquired by PetroEdge, a pooled unit known as the "Ball Unit," and a well known as "Ball Unit 1H." The Deckers allege that, after PetroEdge assigned and delegated its rights and obligations under the Participation Agreement to Statoil USA Onshore Properties, Inc. ("Statoil"), Statoil stopped paying royalties to the Deckers. The Deckers also allege a claim for unjust enrichment, seeking compensation for work, expenses, and investments into these leases.

The Deckers seek a declaration that they hold or are entitled to hold overriding-royalty-interests in the Initial Leases, the acquired Target Leases, the Ball Unit, and Ball Unit 1H. They also seek an accounting of the development and production on each lease and the appointment of a special commissioner to execute and deliver assignments of interests in the leases to the Deckers.

Further, the Deckers request a judgment for all unpaid royalties on the leases and for their unjust enrichment claim.

EQT Production Company ("EQT") then filed a motion to intervene as a defendant as a matter of right under Federal Rule of Civil Procedure 24(a) because EQT purchased Statoil's interests in the Target Leases. This Court granted that motion. Before the motion was granted, the Deckers served EQT with a subpoena duces tecum scheduling a deposition of its corporate representative under Rule 30(b)(6) and requesting certain documents. One of the Deckers' requests was for documents and testimony regarding "EQT's drilling programs, plans and forecasts for all West Virginia Leases and assets acquired from Statoil." ECF No. 129-1 at 6. EQT filed a motion for a protective order regarding that request, arguing that the request is irrelevant, overly broad, and seeks proprietary information. The Deckers argue that the request is reasonably calculated to lead to admissible evidence regarding the expected amount of production from the Target Leases. Magistrate Judge Aloi granted EQT's motion for a protective order, and the Deckers filed timely objections to that order.

## II. Applicable Law

Under Federal Rule of Civil Procedure 72(a), a district court may refer to a magistrate judge "a pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). The parties may file objections to the magistrate judge's order, and

the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.

Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In considering proportionality, courts must consider: (1) "the importance of the issues at stake in the action"; (2) "the amount in controversy"; (3) "the parties' relative access to relevant information"; (4) "the parties' resources"; (5) "the importance of the discovery in resolving the issues"; and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. Courts may forbid certain disclosures or discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

### III. Discussion

The Deckers requested documents and testimony regarding "EQT's drilling programs, plans and forecasts for all West Virginia Leases and assets acquired from Statoil under the [relevant purchase and sale agreement]." ECF No. 129-1 at 6. Magistrate Judge Aloi granted EQT's motion for a protective order, concluding that the

request was irrelevant and disproportional to the disputed issues in this case.

First, Magistrate Judge Aloi concluded that the request is irrelevant because the Deckers fail to show how future projected production is related to the past, unpaid royalties they claim entitlement to. In their objections, the Deckers argue that the information is relevant and material because the value of their claimed overriding-royalty-interests in the Target Leases must be determined by the number of wells a reasonably prudent operator could be expected to drill on the properties. They argue that data on EQT's expected drilling on the Target Leases is necessary to accurately determine the value of the Deckers' overriding-royalty-interests in those leases.

Count Three of the Deckers' second amended complaint seeks a declaration that the Deckers are entitled to overriding-royalty-interests in the Target Leases and "an accounting and relief for any and all revenues and/or income generated from the development and production of the Target Leases." ECF No. 76 at 4. Thus, the Deckers seek a judgment for all unpaid royalties, not for the future value of the Target Leases. Accordingly, EQT's future development plans for the Target Leases is irrelevant to the resolution of the issues in this civil action. This Court finds no clear error in the magistrate judge's conclusions.

Second, Magistrate Judge Aloi concluded that the request is overly broad because it extends beyond the Target Leases, as the Deckers request information for <u>all</u> West Virginia leases EQT acquired from Statoil. In their objections, the Deckers argue that the magistrate judge should have granted in part and denied in part EQT's motion, requiring responses as to the Target Leases and issuing a protective order as to all other leases. However, a court need not rein in a party's overly broad discovery request rather than precluding a response. Further, even with such limitations, the requested information is irrelevant. This Court finds no clear error in the magistrate judge's conclusion.

Third, Magistrate Judge Aloi concluded that the request seeks confidential development and commercial information and that EQT established good cause for seeking a protective order. In their objections, the Deckers argue that EQT failed to make a specific showing that it would suffer severe economic harm if it responded to their request. The Deckers further argue that EQT failed to demonstrate that the existing protective order (ECF No. 24) would not safeguard its allegedly proprietary information and that the magistrate judge should have ordered EQT to respond in accordance with the existing protective order. Regardless of whether the existing protective order would be sufficient to safeguard EQT's proprietary information, the information is irrelevant, the request is overly broad, and EQT demonstrated that disclosure would be

burdensome and disproportional to the issues in dispute and could result in a competitive disadvantage if disclosed. This Court finds no clear error in the magistrate judge's conclusion.

IV. Conclusion

For the foregoing reasons, the magistrate judge's order granting EQT's motion for a protective order (ECF No. 131) is AFFIRMED and ADOPTED. Accordingly, EQT's motion for a protective order (ECF No. 125) is GRANTED, and the Deckers' objections to the magistrate judge's order (ECF No. 135) are OVERRULED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: October 26, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

7