IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEAN PATRICK DECKER, III
and LORETTA DECKER,

    Plaintiffs,

v.                            Civil Action No. 5:15CV114
                                          (STAMP)
STATOIL USA ONSHORE
PROPERTIES, INC.,
a Delaware corporation
and PETROEDGE ENERGY, LLC,
a Delaware limited
liability company,

    Defendants,

and

EQT PRODUCTION COMPANY,

    Intervenor-Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

### I. Procedural History

The plaintiffs (the "Deckers") served the third-party defendant ("EQT") with a subpoena duces tecum scheduling a deposition of its corporate representative under Rule 30(b)(6) and requesting certain documents. One of the Deckers' requests was for documents and testimony regarding "EQT's drilling programs, plans and forecasts for all West Virginia Leases and assets acquired from Statoil." ECF No. 129-1 at 6. EQT filed a motion for a protective order regarding that request, arguing that the request is irrelevant, overly broad, and seeks proprietary information. This

matter was referred to Magistrate Judge Michael John Aloi, who entered an order granting EQT's motion for a protective order. The Deckers filed timely objections to that order. This Court then adopted and affirmed Magistrate Judge Aloi's order and overruled the Deckers' objections.

The Deckers have now filed a motion for reconsideration under Federal Rule of Civil Procedure 60(b) asking this Court to reconsider its ruling. Specifically, the Deckers ask this Court to reconsider its ruling as it pertains to whether the Deckers plead a claim that would entitled them to future damages, making EQT's drilling plans relevant.

## II. Applicable Law

Federal Rule of Civil Procedure 60(b) permits courts to "relieve a party or its legal representative from a[n] . . . order." Fed. R. Civ. P. 60(b). Such relief "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979). The moving party must first "show[] a meritorious defense against the claim on which judgment was entered as a threshold condition to any relief whatsoever under the Rule." Id. The moving party must then demonstrate that one of the following grounds warrants relief:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

2

(3) fraud . . . , misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Further, "where a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)." CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995) (internal quotation marks omitted).

## III. Discussion

The Deckers' motion asks this Court to reconsider its ruling on legal issues already addressed in a prior order. Thus, the plaintiffs are not entitled to relief under Rule 60(b). Further, the Deckers fail to demonstrate the merit of their position regarding the discoverability of EQT's future drilling plans. The Deckers' second amended complaint does not request future damages in either Count Two or the prayer for relief, nor do the Deckers allege a claim that would entitle them to such damages. Further, this Court's order granting EQT's motion for a protective order was also based upon findings that the discovery request was overly broad, that it was not proportional to the dispute, and that EQT's future drilling plans constitute confidential proprietary

information.  The Deckers fail to show that those findings are erroneous.  Thus, the Deckers are not entitled to relief from this Court's prior order.

IV. <u>Conclusion</u>

The plaintiffs' motion for reconsideration (ECF No. 142) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    December 8, 2016

<u>/s/ Frederick P. Stamp, Jr.</u><br>
FREDERICK P. STAMP, JR.<br>
UNITED STATES DISTRICT JUDGE